**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                                    Case No.  13-20330

NEMR ALI RAHAL,

       Defendant.

                                           /

**ORDER ACCEPTING GOVERNMENT'S COMPUTATION OF LOSS**
**AND SETTING CONTINUED SENTENCING HEARING**

Defendant Nemr Ali Rahal has pleaded guilty to food stamp fraud in violation of 7 U.S.C. § 2024(b), and on March 13, 2014, Defendant appeared for a sentencing hearing before this court.  The parties have agreed on the application of the relevant Sentencing Guidelines, except for the amount of loss under U.S.S.G. § 2B1.1(b)(1).  At the March 13, 2014 hearing, the court received testimony from Agent Jenna Shiver and Venar Ayar.  For the reasons stated below, the court agrees with the Government's calculation.

Defendant managed a grocery store, Ben Alkamal, located in Dearborn, Michigan.  The Government conducted ten undercover investigations on the grocery store between May 2009 and August 2012 and, thereafter, executed a search warrant on the store on September 19, 2012.  Through these investigations, the Government concluded that Defendant engaged in food stamp fraud by allowing food stamp recipients to redeem their food stamps for cash and ineligible items such as phone cards, tobacco, cigarettes, and hookah pipes.  Defendant also allowed customers to

improperly redeem their of WIC benefits (benefits received under the Special

Supplemental Nutrition Program for Women, Infants, and Children).

The Government proposes that the court calculate loss based on a reasonable

estimate of lost benefits, that is, by comparing Ben Alkamal's monthly redemptions to an

average monthly redemption of comparable stores in the area.  By subtracting the

comparable average from Ben Alkamal's actual redemption, the court can arrive at a

reasonably accurate estimate of illegal food stamp and WIC trafficking at Ben Alkamal,

and thus a reasonably accurate estimate of loss.  Toward that end, the court credits the

testimony of Agent Shiver, identifying comparable stores and estimating the fraud loss

by calculating the differentials in goods sold.  The Sixth Circuit approved this method of

calculation in 2012, explaining:

> The Sentencing Guidelines also require that the district court make only a
> reasonable estimate of the loss. U.S. Sentencing Guidelines Manual §
> 2B1.1, cmt. n. 3(C) (Nov. 2010); *United States v. Triana*, 468 F.3d 308,
> 320 (6th Cir. 2006)  (stating that "[i]n situations where the losses
> occasioned by financial frauds are not easy to quantify, the district court
> need only make a reasonable estimate of the loss, given the available
> information"). This is because "[t]he sentencing judge is in a unique
> position to assess the evidence and estimate the loss based upon that
> evidence. For this reason, the court's loss determination is entitled to
> appropriate deference." U.S.S.G. § 2B1.1, cmt. n. 3(C). Precision is not
> required. *Triana*, 468 F.3d at 320 (citation omitted).
>
> The district court was presented with two competing methodologies for
> calculating loss. Special Agent Travis Deters of the USDA Office of the
> Inspector General testified for the government at Mohamed's sentencing
> hearing.  He stated that he took monthly food stamp redemption data
> collected by the Food and Nutrition Service (FNS) from comparable "small
> grocery" stores within a five-mile radius of the Halal Depot, averaged
> these stores' redemptions, and subtracted the average amount from the
> Halal Depot's redemptions to arrive at an estimated fraud loss for each
> month.  Deters testified that the store's filing system consisted of plastic
> bags stuffed with unspecified receipts and papers.  Nonetheless, Deters
> gave the defendants credit for having at least as much legitimate food

sales as the average comparable store in the vicinity. The Halal Depot's redemptions were four to ten times higher than the average redemptions at the comparable stores. Deters testified that the total fraud loss attributable to food stamp fraud was $397,140.24. Deters used the same comparison average methodology to compute the WIC fraud loss, and calculated over $4,000 in WIC fraud. Thus, the total food stamp and WIC fraud was over $400,000.

*United States v. Sufi*, 456 F. App'x 524, 528 (6th Cir. 2012)

This court accepts the quantification proffered by the Government as an objective and "reasonable estimate of the loss, given the available information." *Triana*, 468 F.3d at 320. Defendant's analysis of fraud loss combines the cost of food stamp-eligible goods with the cost of food stamp-ineligible goods sold, and results, incoherently, in negative "losses" from time to time. Contrary to this method, the Government's method is intuitive, logical, and conducive to arriving at a reasonable estimate. The court is persuaded by the testimony of Agent Shiver, and finds that she employed a reasonably reliable methodology at locating comparable stores and estimating the loss. The fraud is reasonably estimated to be, in fact, above $1,000,000, but the court accepts the government's more conservative estimate of $400,000 to $1,000,000, resulting in an advisory Guideline Range of 33-41 months.

IT IS ORDERED that the court ACCEPTS the Government's quantification method. IT IS FURTHER ORDERED that the court will continue the sentencing hearing on **May 27, 2014 at 2:00 p.m.**

 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: April 23, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 23, 2014, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522